## IN THE UNITED STATES DISTRICT COURT
## NORTHER DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **ERIN WEBB,** on behalf of herself and others similarly situated, | : : : | |
| Plaintiff, | : : | |
| v. | : : : | CASE NO. 1:20-cv-1153 |
| | : | JUDGE |
| **BOULDER HEALTHCARE LLC** c/o ACFB 200 Public Square, STE. 2300 Cleveland, OH 44114 | : : : : : | MAGISTRATE JUDGE **JURY DEMAND ENDORSED HEREON** |
| and | : : | |
| **EUCLID BEACH HEALTHCARE LLC** c/o U-B Corporation 1660 West 2nd Street, Suite 1100 Cleveland, OH 44113 | : : : : : : | |
| Defendants. | : | |

## PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND OHIO LAW

Now comes Erin Webb ("Named Plaintiff," "Plaintiff," or "Plaintiff Webb"), by and through the undersigned counsel, individually and on behalf of other members of the general public similarly situated, for her Complaint against Boulder Healthcare LLC ("Defendant Boulder" or "Boulder") and Euclid Beach Healthcare LLC ("Defendant Euclid Beach" or "Euclid Beach") (collectively "Defendants") for their failure to pay employees overtime wages seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Ohio Minimum Fair Wage Standards Act, O.R.C. 4111.03, and 4111.08 ("the Ohio Wage Act"); and the Ohio Prompt Pay Act ("OPPA"), Ohio Rev. Code § 4113.15 (the Ohio Wage Act and the

OPPA will be referred to collectively as "the Ohio Acts"). Plaintiff's FLSA claims are asserted as a collective action pursuant to 29 U.S.C. § 216(b), while the Ohio Acts claims are asserted as a class action pursuant to Rule 23. The following allegations are based on personal knowledge as to the Named Plaintiff's own conduct and are made on information and belief as to the acts of others. Named Plaintiff, individually and on behalf of others similarly situated, hereby states as follows:

## I.  JURISDICTION AND VENUE

1.  This action is brought pursuant to the FLSA, the Ohio Acts, and 28 U.S.C. §1331.

2.  This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. § 1367, as this Complaint raises additional claims pursuant to the laws of Ohio, over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

3.  Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Defendants employed Plaintiff and others similarly situated in the Northern District of Ohio, a substantial part of the events or omission giving rise to the claim occurred in the Northern District of Ohio, and Defendants have done substantial business in the Northern District of Ohio.

## II.  THE PARTIES

4.  Named Plaintiff is an individual, United States citizen, and resident of the State of Ohio.

5.  Named Plaintiff was employed at Boulder's Euclid Beach facility located at 16101 Euclid Beach, Cleveland, Ohio 44110 (the "Euclid Beach Facility") beginning in 2016 when it was owned by Manorcare. Plaintiff continued working at the Euclid Beach facility from 2016 until May 5, 2020 with intermittent breaks of employment. In or around 2018, the Euclid Beach Facility

was owned by Boulder until the summer or fall of 2019. At all times during her employment, Plaintiff worked as a licensed practical nurse ("LPN").

6.      As an LPN, Named Plaintiff was an hourly, non-exempt employee of Defendants as defined in the FLSA and the Ohio Acts.

7.      During her employment with Defendants, Named Plaintiff was not fully and properly paid in accordance with the minimum requirements of the FLSA for all of her compensable hours worked because Defendant did not properly calculate overtime based on her ***regular rate of pay***, as defined by the FLSA, but instead calculated overtime based only on her hourly rates of pay, resulting in unpaid overtime wages for the three years preceding the filing date of this Complaint and continuing until trial.

8.      Named Plaintiff brings this action on behalf of herself and those similarly situated and has given her written consent to bring this action to collect unpaid overtime compensation under the FLSA. Plaintiff's consent is being filed along with this Complaint pursuant to 29 U.S.C. §216(b). (*Consent to be Party Plaintiff*, attached hereto as **Exhibit A**).

9.      Defendant Boulder is a domestic limited liability company that owns and operates skilled nursing and assisting living facilities, including the Euclid Beach Facility.

10.     Defendant Euclid Beach is a domestic limited liability company that provides skilled nursing and assisting living services.

11.     During relevant times, Defendant Euclid was owned and operated by Defendant Boulder.

12.     During relevant times, Defendant Boulder was Plaintiff's employer for purposes of the FLSA and the Ohio Acts.

13.     During relevant times, Defendant Euclid Beach was Plaintiff's employer for purposes of the FLSA and the Ohio Acts.

14.     During relevant times, Defendant Boulder and Defendant Euclid were contemporaneously joint employers of Plaintiff and others similarly situated.

15.     Defendants operate and control an enterprise and employs employees engaged in commerce or in the production of goods for commerce, or has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and Defendant Boulder has had an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

16.     At all times relevant hereto, Defendants were fully aware of the fact that they were legally required to comply with the wage and overtime laws of the United States and of the State of Ohio.

### III.     STATEMENT OF FACTS

17.     During her employment with Defendants, Named Plaintiff and other similarly situated employees were not fully and properly paid all overtime wages earned because Defendants did not properly calculate their regular rates of pay when employees earned extra remuneration in addition to their base hourly pay.

18.     Defendants pay Named Plaintiff and other similarly situated non-exempt employees an hourly wage for hours worked (hereinafter "Base Hourly Wage").

19.     In addition to the Base Hourly Wage, Defendants pay their employees additional forms of remuneration which should have been included in the calculation of employees' regular rates of pay for overtime compensation.  These additional forms of remuneration include, but are not limited to, nondiscretionary bonuses for working extra hours or shifts for which the employee

was not scheduled to work (hereinafter nondiscretionary bonuses will be referred to as "Additional Remuneration"). *See* 29 C.F.R §§ 778.207(b); 778.211(c).

20.     The following is one example of the types of Additional Remuneration paid by Defendants, but not included in the regular rate calculations for overtime. Named Plaintiff and other similarly situated employees were promised that if they picked up shifts or hours that they were not previously scheduled to work, then they would receive additional compensation for each hour or shift they picked up. This specific type of Additional Remuneration is required to be included in Defendants' regular rate of pay calculation according to the United States Department of Labor Fact Sheet #54 Entitled "The Health Care Industry and Calculating Overtime Pay" which is publicly available and was last revised in July 2009.[1]

21.     During the last three years preceding the filing of this Complaint, Named Plaintiff and other similarly situated employees regularly received their Base Hourly Wage and Additional Remuneration, such as that which is described above, in various workweeks when they worked in excess of 40 hours.

22.     When Defendants paid Named Plaintiff and other similarly situated employees both their Base Hourly Wage and Additional Remuneration, Defendants failed to properly calculate their employees' regular rate of pay for the purposes of overtime pay because Defendants did not include the Additional Remuneration in their regular rate calculations. Consequently, Defendants failed to properly compensate Named Plaintiff and other similarly situated employees the overtime wages they were due in accordance with the minimum requirements of the FLSA.

23.     Instead, Defendants paid Named Plaintiff and other similarly situated employees overtime compensation at one and one-half times their **Base Hourly Wage**, and not one and one-

---

[1] https://www.dol.gov/whd/regs/compliance/whdfs54.pdf

half times their **_regular rate of pay_**, as that phrase is defined under the FLSA. *See* 29 U.S.C. § 207(e).

24.     For the three years preceding the filing of this Complaint, Defendants applied the same pay practices and policies to all hourly, non-exempt employees, including Named Plaintiff.

25.     Named Plaintiff and other similarly situated employees have not been fully and lawfully compensated for all of their compensable hours worked due to the aforementioned policies and practices of not paying employees at the correct overtime rate for all hours worked over 40 in a workweek.

26.     During relevant times, Defendants had knowledge of and acted willfully regarding its conduct described herein.

27.     Defendants are in possession and control of necessary documents and information from which Named Plaintiff would be able to precisely calculate damages.

## IV. COLLECTIVE ACTION ALLEGATIONS

### A.  216(b) Collective Action for Unpaid Overtime Wages.

28.     Named Plaintiff brings her FLSA claims pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of herself and all other similarly situated employees of the opt-in class, consisting of:

> All current and former hourly, non-exempt employees at any Boulder facility who received bonus payments for working extra shifts or hours beyond what the employee was scheduled to work during any workweek that they worked over 40 hours beginning three years prior to the filing date of the Complaint and continuing through the date of the final disposition of this case. (the "FLSA Collective" or the "FLSA Collective Members").

Case: 1:20-cv-01153-JG  Doc #: 1  Filed:  05/27/20  7 of 17.  PageID #: 7


29.     This FLSA claim is brought as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for overtime compensation withheld in violation of the FLSA, liquidated damages, and attorneys' fees.

30.     In addition to the Named Plaintiff, the FLSA Collective Members include employees working as RNs, LPNs, STNAs, nursing aides, and other medical personnel.  The FLSA Collective has been denied proper overtime compensation due to Defendants' company-wide payroll policy and practice of not fully and properly compensating its employees at the proper overtime rate during workweeks when they worked more than forty (40) hours per workweek and were paid their Base Hourly Wage and Additional Remuneration. Defendants failed to meet the minimum requirements of the FLSA by not paying Named Plaintiff and the putative FLSA Collective Members overtime at a rate of at least one and one-half times their ***regular rate of pay***, as that phrase is defined under the FLSA, for all overtime hours worked. The Named Plaintiff is representative of those other FLSA Collective Members and is acting on behalf of their interests as well as her own in bringing this action.

31.     The identity of the putative FLSA Collective Members are known to Defendants and are readily identifiable through Defendants' payroll records. These individuals may readily be notified of this action and allowed to opt into it pursuant to 29 U.S.C. §216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

32.     The net effect of Defendants' policies and practices is that Defendants willfully failed to fully and properly pay Named Plaintiff and FLSA Collective Members overtime wages. Thus, Defendants enjoyed substantial ill-gained profits at the expense of the Named Plaintiff and FLSA Collective Members.

## B. Fed.R.Civ. P. 23 Class Action for Unpaid Overtime Wages.

33.    Named Plaintiff brings her Ohio Wage Act claims pursuant to Fed.R.Civ.P. 23 as a class action on behalf of herself and all other similarly situated of the following class, consisting of:

> All current and former hourly, non-exempt Ohio employees at any Boulder facility who received bonus payments for working extra shifts or hours beyond what the employee was scheduled to work during any workweek that they worked over 40 hours beginning two years prior to the filing date of the Complaint and continuing through the date of the final disposition of this case. (the "Ohio Rule 23 Class," the "Rule 23 Class," or the "Ohio Rule 23 Class Members").

34.    During relevant times, Named Plaintiff and those Ohio Rule 23 Class Members worked more than forty (40) hours per workweek, but were not correctly compensated at a rate of at least one and one-half times their correct ***regular rate of pay***, as that phrase is defined under the FLSA, for all hours worked in excess of 40 because of Defendants' policy and practice of not fully compensating their employees at the proper overtime rate during workweeks when they received Additional Remuneration as described herein.

35.    The Ohio Rule 23 Class, as defined above, is so numerous that joinder of all members is impracticable.

36.    Named Plaintiff is a member of the Ohio Rule 23 Class and her claims for unpaid wages are typical of the claims of other members of the Ohio Rule 23 Class.

37.    Named Plaintiff will fairly and adequately represent the Ohio Rule 23 Class and the interests of all members of the Ohio Rule 23 Class.

38.    Named Plaintiff has no interest that is antagonistic to or in conflict with those interests of the Ohio Rule 23 Class that she undertaken to represent.

39.     Named Plaintiff has retained competent and experienced class action counsel who can ably represent the interests of the entire Ohio Rule 23 Class.

40.     Questions of law and fact are common to the Ohio Rule 23 Class.

41.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants with respect to their non-exempt employees.

42.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) as Defendants acted or refused to act on grounds generally applicable to the Ohio Rule 23 Class, making appropriate declaratory and injunctive relief with respect to Named Plaintiff and the Ohio Rule 23 Class as a whole.

43.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) as the questions of law and facts common to the Ohio Rule 23 Class predominate over questions affecting individual members of the Ohio Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

44.     Questions of law and fact that are common to the Ohio Rule 23 Class include, but are not limited to: (a) whether Defendants violated the Ohio Wage Act by failing to pay the Ohio Rule 23 Class Members their correct overtime rate for all hours worked in excess of forty hours per week as a result of Defendants' failure to properly calculate the Ohio Rule 23 Class Members' regular rate of pay when they received additional forms of remuneration; (b) whether Defendants' violations of the Ohio Wage Act were knowing and willful; (c) what amount of unpaid and/or withheld overtime compensation is due to the Named Plaintiff and other members of the Ohio Rule 23 Class on account of Defendants' violations of the Ohio Wage Act; and (d) what amount of

prejudgment interest is due to Ohio Rule 23 Class members on the overtime or other compensation which was withheld or not paid to them.

45.     A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiff's and the Ohio Rule 23 Class' claims and will prevent undue financial, administrative and procedural burdens on the parties and the Court. Named Plaintiff and counsel are not aware of any pending Ohio litigation on behalf of the Ohio Rule 23 Class, as defined herein, or on behalf of any individual alleging a similar claim. Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against the Defendants to vindicate their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## V.  CAUSES OF ACTION

### COUNT I
### (FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME)

46.     All of the preceding paragraphs are realleged as if fully rewritten herein.

47.     This claim is brought as part of a collective action by the Named Plaintiff on behalf of herself and the FLSA Collective.

48.     During the relevant time period, Defendants employed the Named Plaintiff and the FLSA Collective Members.

49.     Named Plaintiff and the FLSA Collective Members were paid on an hourly basis when working in non-exempt positions.

50.     The FLSA requires that covered employees be compensated for every hour worked in a workweek.  *See* 29 U.S.C. § 206(b).

51.    The FLSA requires that non-exempt employees receive overtime compensation of their regular rate of pay for hours worked in excess of forty (40) per week. *See* 29 U.S.C. § 207(a)(1).

52.    Under 29 U.S.C. § 207(e), "regular rate" of pay shall be broadly deemed to include all remuneration for employment paid to, or on behalf of, the employee like the type of Named Plaintiff and the FLSA Collective Members. *See* 29 U.S.C. § 207(e); *see also* 29 C.F.R §§ 778.207(b); 778.208; 778.211(c).

53.    Named Plaintiff and the FLSA Collective Members were not exempt from receiving FLSA overtime compensation.

54.    Named Plaintiff and the FLSA Collective Members worked in excess of 40 hours in a workweek in numerous workweeks during their employment.

55.    Named Plaintiff and the FLSA Collective Members should have been paid the correct overtime rate for all hours worked in excess of forty hours per workweek during the three years from the filing date of this Complaint.

56.    Defendants violated the FLSA with respect to Named Plaintiff and the FLSA Collective Members by, *inter alia*, failing to *fully* compensate them at time-and-one-half times their regular rates of pay for hours worked over forty (40) hours in workweeks because Defendants did not properly calculate their employees' overtime rate when they received Additional Remuneration as described herein with their Base Hourly Wage.

57.    Defendants knew or should have known of the overtime payment requirements of the FLSA. Defendants willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the FLSA Collective Members are entitled.

58.     The exact total amount of overtime compensation that Defendants failed to pay the Named Plaintiff and the FLSA Collective Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendants or were not kept by Defendants.

59.     As a direct and proximate result of Defendants' conduct, the Named Plaintiff and the FLSA Collective Members have suffered and continue to suffer damages. The Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of herself and the FLSA Collective Members.

<u>COUNT II</u>
**(R.C. § 4111.03 – RULE 23 CLASS ACTION FOR UNPAID OVERTIME)**

60.     All of the preceding paragraphs are realleged as if fully rewritten herein.

61.     This claim is brought under Ohio law, which incorporates the FLSA without limitation.

62.     The Named Plaintiff and the Ohio Rule 23 Class Members have been employed by Defendants, and Defendants are employers covered by the overtime requirements under Ohio law.

63.     Ohio Law requires that employees receive overtime compensation "not less than one and one-half times" (1.5) the employee's regular rate of pay for all hours worked over forty (40) in one workweek, "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* R.C. § 4111.03(A); *see also* 29 U.S.C. § 207(a)(1).

64.     The Named Plaintiff and Ohio Rule 23 Class worked in excess of the maximum weekly hours permitted under R.C. § 4111.03 but they were not correctly paid their overtime rate for all hours worked over 40 in a workweek in workweeks that they received Additional Remuneration with their Base Hourly Wage.

65.     Defendants' company-wide corporate policy and/or practice of not properly paying their hourly, non-exempt employees the *correct* overtime rate for each hour worked over forty (40) hours in workweeks that employees received Additional Remuneration with their Base Hourly Wage resulted in unpaid overtime wages for the Named Plaintiff and Ohio Rule 23 Class.

66.     Named Plaintiff and those similarly situated Ohioans were not exempt from the wage protections of the Ohio Wage Act.

67.     Defendants violated the Ohio Wage Act with respect to Named Plaintiff and the Ohio Rule 23 Class by, *inter alia*, failing to compensate them at time-and-one-half times their correct regular rates for hours worked over forty (40) hours in a workweek because Defendants did not properly calculate their employees' overtime rate when they received Additional Remuneration as described herein.

68.     The Named Plaintiff and the Ohio Rule 23 Class were not exempt from the wage protections of Ohio law.

69.     Defendants' repeated and knowing failure to pay overtime wages to the Named Plaintiff and those similarly situated Ohioans were violations of R.C. §4111.03, and as such, Defendants acted willfully.

70.     For Defendants' violations of R.C. §4111.03, by which the Named Plaintiff and those similarly situated Ohioans have suffered and continue to suffer damages; the Named Plaintiff and those similarly situated Ohioans seek unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available.

## **COUNT III**
### **(R.C. § 4113.15 – RULE 23 CLASS ACTION FOR VIOLATIONS OF THE OHIO PROMPT PAY ACT)**

71.     All of the preceding paragraphs are realleged as if fully rewritten herein.

72.     During relevant times, Named Plaintiff and the Ohio Rule 23 Class Members have been employed by Defendants.

73.     During relevant times, Defendants were entities covered by the OPPA and the Named Plaintiff and the Ohio Rule 23 Class Members have been employed by Defendants within the meaning of the OPPA.

74.     The OPPA requires Defendants to pay Named Plaintiff and Ohio Rule 23 Class all wages, including unpaid overtime, on or before the first day of each month, for wages earned by him during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by them during the last half of the preceding calendar month. *See* R.C. § 4113.15(A).

75.     During relevant times, Named Plaintiff and the Ohio Rule 23 Class were not paid all wages, including overtime wages at one and one-half times their regular rate of pay within thirty (30) days of performing the work. *See* R.C. § 4113.15(B).

76.     The Named Plaintiff and the Ohio Rule 23 Class Members' unpaid wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

77.     The Named Plaintiff and the Ohio Rule 23 Class Members have been harmed and continue to be harmed by such unpaid wages.

78.     In violating the OPPA, Defendants acted willfully, without a good faith basis and with reckless disregard of clearly applicable Ohio law.

## VI. <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, as to **Count I**, Named Plaintiff and other members of the FLSA Collective pray for an Order as follows:

A.     Certifying the proposed FLSA collective action;

B.      Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the 216(b) Class apprising them of the pendency of this action, and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);

C.      A declaratory judgment that Defendant's payroll policy or practice of not including and properly calculating the overtime rate during workweeks they received Additional Remuneration in addition to their Base Hourly Wage for Named Plaintiff and the FLSA Collective Members as described herein violates the FLSA;

D.      Judgment against Defendants for damages for all unpaid overtime compensation owed to Named Plaintiff and the FLSA Collective during the applicable statutory period under the FLSA 29 U.S.C. § 201, *et seq.,* and attendant regulations at 29 C.F.R. § 516 *et seq.*;

E.      Judgment against Defendants for liquidated damages pursuant to the FLSA, 29 U.S.C. § 201, *et seq.,* and attendant regulations at 29 C.F.R. § 516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Named Plaintiff and the FLSA Collective during the applicable statutory period;

F.      Directing Defendants to pay reasonable attorney's fees and all costs connected with this action;

G.      Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

H.      Judgment for all civil penalties to which Plaintiff and all other similarly situated employees may be entitled; and

I.      Such other and further relief as to this Court may deem necessary, just or proper.

**WHEREFORE**, as to **Counts II** and **III**, Named Plaintiff requests judgment against Defendants for violations of the Ohio Wage Act and the OPPA, and for an Order:

J.      Awarding to the Named Plaintiff and the Ohio Rule 23 Class Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by the Ohio Acts;

K.      Awarding Named Plaintiff and the Ohio Rule 23 Class Members costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;

L.      Awarding Named Plaintiff and the Ohio Rule 23 Class Members such other and further relief as the Court deems just and proper;

M.      Awarding judgment against Defendants for liquidated damages pursuant to the OPPA in an amount equal to six percent (6%) of all unpaid overtime compensation owed to the Named Plaintiff and the Ohio Rule 23 Class Members during the applicable statutory period; and

N.      Issuing an injunction prohibiting Defendants from engaging in present, ongoing and future violations of the Ohio Acts.

Respectfully submitted,

**Nilges Draher LLC**

*/s/ Shannon M. Draher*
Shannon M. Draher (Ohio Bar #0074304)
Hans A. Nilges (Ohio Bar #0076017)
7266 Portage Street, N.W., Suite D
Massillon, OH 44646
Phone:       (330) 470-4428
Facsimile:   (330) 754-1430
sdraher@ohlaborlaw.com
hans@ohlaborlaw.com

**COFFMAN LEGAL, LLC**

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
Adam C. Gedling (0085256)
1550 Old Henderson Road

Suite 126
Columbus, Ohio 43220
Telephone: (614) 949-1181
Facsimile: (614) 386-9964
Email: mcoffman@mcoffmanlegal.com

*Attorneys for Named Plaintiff and similarly situated employees*

## <u>JURY DEMAND</u>

Plaintiff hereby demands a jury trial of twelve (12) persons to hear all issues so triable.

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman